Case 1:24-cv-00853-JMB-SJB   ECF No. 1,   PageID.1   Filed 08/20/24   Page 1 of 9

FILED KZ
August 20, 2024 4:12 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems  Scanned by ES 8/21

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

1:24-cv-853

Jane M. Beckering
U.S. District Judge

Autumn Rosanne Smith,
66 Massachusetts Ave.
Battle Creek, MI 49014

    Plaintiff,

        v.

CITY OF BATTLE CREEK, A Municipal Corporation      Case No:
JILL HUMPHREYS-STEELE*
WILLIAM KIM*
MARK BEHNKE*
ROGER BALLARD*
JIM LANCE*
JENASIA MORRIS*      Judge:
PATRICK O'DONNELL*
CARLA REYNOLDS*
CHRISTOPHER SIMMONS*
JAKE W. SMITH*
REBECCA FLEURY*
TED DEARING*

    Defendants,

Note: Asterisk (*) after name denotes state actor operating under color of law and de facto authority_____/

Autumn Rosanne Smith
Plaintiff In Propria Persona
66 Massachusetts Ave
Battle Creek, MI 49014
269.223.7812

_____
JILL HUMPHREYS-STEELE
CITY OF BATTLE CREEK
10 N. Division Street
Battle Creek, MI 49014

_____
WILLIAM KIM
CITY OF BATTLE CREEK
10 N. Division Street
Battle Creek, MI 49014

_____
MARK BEHNKE
474 Country Club Drive
Battle Creek, MI 49015

_____
ROGER BALLARD
128 Althea Drive

Battle Creek, MI 49037

JIM LANCE
211 Westchester Way
Battle Creek, MI 49015

JENASIA MORRIS
112 Helen Montgomery Ave.
Battle Creek, MI 49037

PATRICK O'DONNELL
117 N. Wabash Ave.
Battle Creek, MI 49017

CARLA REYNOLDS
37 Woolnaugh Ave.
Battle Creek, MI 49017

CHRISTOPHER SIMMONS
2323 Capital Ave. S.W.
Battle Creek, MI 49015

JAKE W. SMITH
88 S. LaVista Blvd.
Battle Creek, MI 49014

REBECCA FLEURY
130 Sterling Ct.
Battle Creek, MI 49015

TED DEARING
277 Lakeshire Rd
Battle Creek, MI 49015

## Notice of Verified Civil Complaint

Now comes Plaintiff and Plaintiff Autumn Rosanne Smith (hereafter, "Plaintiff") before this court to provide notice of verified civil complaint, in the manner of 28 USC 1343; 42 USC 1983, 1985, 1986; among others; and in support of such statutory claims Plaintiff additionally provides notice of Art. VI, Sec. 2 and 3, Const. U.S.A.; Am. I, IV, V, V, VI, IX, and XIV, Const. U.S.A., inter alia, for the following reasons:

I, Plaintiff and Plaintiff Autumn Rosanne Smith, do declare that the following averments are true and correct:

## Statement of Facts

1. That Plaintiff avers that at all times during the pendency of the ongoing accrual of instant claims that she's been the owner of the property at 66 Massachusetts Ave.,Battle Creek in Calhoun County, Michigan.

2. That, for reasons explained below, Plaintiff presents the instant claims in propria persona and is without any professional legal education; nevertheless, Plaintiff believes she has been actually and legally damaged and is relying upon this Court's fealty to the Supremacy Clause to liberally construe Plaintiff's pleadings and impartially adjudicate Plaintiff's constitutional claims. Art.VI, Sec. 2 and 3, U.S. Const.; Am. I, IV, V, VI, IX, and XIV, U.S. Cont.; Haines vs. Kerner, 404 US 519 (1972); McKaskle vs. Wiggins, 465 US 168 (1984); Gordon vs. Leeke, 574 F.2d 1147 (4- Cir. 1978); and others

"The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers." Haines vs. Kerner, 404 US 519 (1972)

"What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording pleader a reasonable opportunity to articulate his cause of action." Gordon vs. Leeke, 574 F.2d 1147 (4- Cir. 1978)

"Pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if claim is insufficient in substance, it may be amended to achieve justice." Gordon vs. Leeke, 574 F.2d 1147 (4- Cir. 1978)

"If it is apparent to district court that pro se litigant has colorable claim but lacks capacity to present it, district court should appoint counsel to assist him." Gordon vs. Leeke, 574 F.2d 1147 (4- Cir. 1978)

3. That Plaintiff again proffers her original written statement (set forth in the first person) to establish the basic violations of the federal constitution that comprise her civil claims:

On two separate in person occasions, I approached the BATTLE CREEK CITY COMMISSION and asked for a flag to fly at city hall pursuant to Resolution 180 of 2021.(See attached) I first asked if the city would fly the Calhoun County T.E.A. Party Flag at city hall. I went on to explain that the T.E.A. Party is not a political organization, but is a non-profit educational group. On June 4th, 2024, I approached the BATTLE CREEK CITY COMMISSION and requested that the historically significant Revolutionary War, "Appeal to Heaven" flag be flown at city hall. I went further to explain the historical significance of the flag and why I would like it flown. After the meeting, I was told by COMMISSIONER O'DONNELL that he supported my request, but in order to bring it to a vote, he would need two other city commissioners support and that he would try to get two more commissioners to support it. On July 23, 2024 I ran in to COMMISSIONER O'DONNELL at a local candidate meet-and-greet event. I asked COMMISSIONER O'DONNELL about my request to have the Appeal to Heaven flag fly at city hall and he informed me that the commission declined citing it was "too radical" because it had been displayed at various "radical" events and rallies. On July 28, 2024 I emailed the entire BATTLE CREEK CITY COMMISSION asking for a response to my requests and also asking that a "Straight Pride" flag be allowed to fly at city hall. (See attached)

4. Plaintiff contends that such restrictive and exclusionary policy decisions have been declared unconstitutional by the United States Supreme Court. See Shurtleff v. City of Boston, Mass. 142 S. Ct. 1583 (2022)

## **Arguments of Law**

Plaintiff asserts that the actions of the State Actor agents of defendant of CITY OF BATTLE CREEK operating under color of law, have been arbitrary and malicious and were committed for the sole purpose of harassing and inflicting and depriving Plaintiff of her constitutionally protected

rights (which are her "property") and engaged in viewpoint discrimination, violated due process and equal protection of the law:

"Section 1343(3) of Title 28, USC, which creates Federal District Court jurisdiction of any civil action to redress the deprivation, under color of law, of any right, privilege, or immunity secured by the United States Constitution or by any Federal statute providing for equal rights of citizens or all persons within the jurisdiction of the United States, applies whether personal rights or only property rights are allegedly impaired." Lynch vs. Household Finance Corporation, 405 US 538 (1972)

"Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own, and dispose of property." Lynch vs. Household Finance Corporation, 405 US 538 (1972)

"In order to establish procedural due process claim, plaintiff must show that he was deprived of liberty or property by state actor." Am. XIV, Const. U.S.A. Haddad vs. Fromson, 154 F.Supp.2d 1085 (W.D. Mich.2001)

"Due process clause contemplates legal process shall be provided to protect life, liberty, property and pursuit of happiness and, because property is a derivative right, where property of natural persons is at stake, due process clause requires a special inquiry to determine impact of deprivation of interest on the individual." Am. XIV, Const. U.S.A. Watson vs. Branch County Bank, 380 F.Supp. 945 (W.D. 1974), reversed 516 F.2d 902

"The law values private liberty more than official favors, and violations of law by those appointed to protect instead of destroy private security deserve no favor." Odinetz vs. Budds, 315 Mich. 512, 24 NW2d 193 (1946)

The law concerning the exercise of private property rights versus the exercise of police power is well settled:

### Amendment I, Bill of Rights
"That Congress make no law respecting an establishment of religion or prohibiting its free exercise. It protects freedom of speech, the press, assembly and the right to petition the government for a redress of grievances."

---

### Amendment V, Bill of Rights

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

---

### Amendment IX, Bill of Rights

"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

### Amendment X, Bill of Rights

"The powers not delegated to the United States by the Constitution, nor prohibited to it by the States, are reserved to the States respectively, or to the people."

### Article I, Section 1, Michigan Constitution (1963)

"All power is inherent in the people. Government is instituted for their equal benefit, security and protection.

### Article I, Section 2, Michigan Constitution (1963)

"No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin. The legislature shall implement this Section by appropriate legislation."

### Article I, Section 17, Michigan Constitution (1963)

"No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law. The right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed."

### Article I, Section 23, Michigan Constitution (1963)

"The enumeration in this constitution of certain rights shall not be construed to deny or disparage others retained by the people."

"When the government targets not subject matter but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant. Viewpoint discrimination is thus an egregious form of content discrimination. The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." Rosenberger v. Rector and Visitors of the University of Virginia, 515 U.S. 819 (1995)

"[W]e hold a municipality cannot . . . require all who wish to disseminate ideas to present them first to police authorities for their consideration and approval, with a discretion in the police to say that some ideas may, while others may not, be carried to the homes of citizens." Schneider v. State, 308 U.S. 147 (1939)

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v Burns, 427 U.S. 347, 373 (1976).

"When the government encourages diverse expression—say, by creating a forum for debate—the First Amendment prevents it from discriminating against speakers based on their viewpoint. See *Rosenberger v. Rector and Visitors of Univ. of Va.* , 515 U.S. 819, 828–830, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995)." Shurtleff v. City of Boston, Mass. 142 S. Ct. 1583 (2022)

'Any injury to the property of an individual which deprives the owners of the ordinary use of it, is equivalent to a taking, and entitles him to compensation. * * * And any regulation which deprives any person of the profitable use of his property constitutes a taking, and entitles him to compensation, unless the invasion of rights is so slight as to permit the regulation to be justified under the police power.' Cooley's Constitutional Limitations (8th Ed.) 1158.

'The police power is subject to the limitations imposed by the constitution upon every power of government, and it will not be suffered to invade or impair the fundamental liberties of the citizen.' 2 Cooley's Constitutional Limitations (8th Ed.) p. 1229.

'The police power of the legislature in this state is not omnipotent. It cannot, under the guise of regulation, destroy property rights arbitrarily and without reason.' City of Grand Rapids v. Powers, 89 Mich. 95, 50 N. W. 661, 667, 14 L. R. A. 498, 28 Am. St. Rep. 276.

'I am not yet prepared to hold the police power absolute and omnipotent; that the legislature can arbitrarily and without reason, and in defiance of right, pass any statute it may see fit under this power, provided it does not run against some express provision of our state or federal constitutions.' Whitney v. Township Board of Grand Rapids, 71 Mich. 237, 39 N. W. 40, 41.

(g) Constitutions were framed to protect the rights and liberties of individuals; to mark out the scope of the powers of government; define the limits of individual autonomy, into which neither the state nor any subordinate governmental agency thereof may enter.

'The constitutional provision is adopted for the protection of and security to the rights of the individual as against the government.' Pearsall v. Board of Supervisors, 74 Mich. 561, 42 N. W. 77, 4 L. R. A. 193.

'The legal protections of property are the same against artificial persons as against others, and the state itself, or any one of its municipalities, has no more power to deprive the owner of his possessions than has the private citizen.' Burford v. City of Grand Rapids, 53 Mich. 102, 18 N. W. 571, 572, 51 Am. Rep. 105.

---

"...the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life liberty and property, and, when the government assumes other functions it is usurpation and oppression..." City Council of Montgomery v. Kelly, 38 So. 67, at 69.

---

"The Government should exercise all the powers it has for the protection of the rights of its citizens, but it can exercise no other." United States v. Cruikshank, *et al.*, 92 U.S. 588.

---

"Unconstitutionality is illegality of the highest order." Board of Zoning Appeals v. Decatur Co. of Jehovah's Witnesses, 117 N.E.2d. 115 (1954)

"It is the duty of the courts to be watchful for the Constitutional rights of the citizen, against any stealthy encroachments thereon." Boyd v. U.S., 116 U.S. 616.

"Constitutional provisions for the security of person and property are to be liberally construed, and it is the duty of the courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." Byars v. United States, 273 U.S. 520.

"Constitutional liberty or freedom- Such freedom as is enjoyed by the citizens of a country or state under the protection of its constitution. The aggregate of those personal, civil, and political rights of the individual which are guaranteed by the constitution and secured against invasion by the government or any or its agencies." Black's Law Dictionary, Fifth Edition.

"The court may not shut its eyes to what all others can see and understand." United States v. Butler, 80 L. Ed. 477.

"There should be no sanction or penalty imposed on one because of his exercise of constitutional rights." Sherar v. Cullen, 481 F.2d. 945, at 946.

"The constitution deals with substance, not shadows. Its inhibition was leveled at the thing, not the name. It intended that the rights of the citizen should be secure against deprivation for past conduct by legislative enactment, under any form, however disguised." Cummings v. Missouri, 4 Wall. 277, at 325; 18 L.Ed. 356 (1867).

"Because a 'Constitutional limitation must be construed to effectuate, not to abolish, the protections sought by it to be afforded', failure to adhere to the purpose and history undergirding the document 'is to make the constitutional safeguard no more than a shabby hoax, a barrier of words, easily destroyed by other words'." Locwood v. Commissioner of Revenue, 357 Mich. 517; 98 N.W.2d. 753 (1959). Also reference Carmen v. Secretary of State, 384 Mich. 443; 185 N.W.2d. 1 (1971), *inter alia*.

"Courts are...'duty bound under the Michigan Constitution to preserve the laws of this state and to that end to construe them if we can so that they conform to Federal and state constitutional requirements.'" People v. Bricker, 389 Mich. 524; 208 N.W.2d. (1973).

"State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law." Stone v. Powell, 96 S.Ct. 3037; 428 U.S. 464 (1976), citing Martin v. Hunter's Lessee, 1 Wheat. 304, 4 L.Ed. 97 (1816).

"A municipality has no immunity from liability under [42 USC 1983] flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability." Owen v. City of Independence, Missouri, *et al.*, 445 U.S. 622. See also at 645, note 27.

"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments." United States v. Throckmorton, 98 U.S. 93, at 95; *inter alia*.

"Governments descend to the level of a mere private corporation, and take on the characteristics of a mere private citizen...where private corporate commercial paper is concerned. For purposes of suit, such corporations and individuals are regarded as entities entirely separate from government." "When governments enter the world of commerce, they are subject to the same burdens as any private firm or corporation." Also reference 65 C.J., "United States", Sec. 1, Sec. 2 (esp. notes 19, 20, and 21), and Sec. 3; 91 C.J.S., "United States", Sec. 1, Sec. 2 (esp. notes 29, 30, 31, and 32); The *No. 34*, 11 F.2d. 287; Bank of the United States v. Planters' Bank, 6 L.Ed. 244; *inter alia*.

"It is not the function of our Government to keep the citizen from falling into error; it is the function of the citizen to keep the Government from falling into error." American Communications Assn. v. Douds, 339 U.S. 382 (1950)

## Request for Relief

In consideration of the facts and law as set forth above, Plaintiff requests the following relief:

1. That this Court recognizes and acknowledges that the defendants acted in combination to engage in viewpoint discrimination and deprive plaintiff of her First Amendment rights.

2. That this Court order defendant CITY OF BATTLE CREEK and the various state actors operating under color of law involved in attempting to maliciously deprive Plaintiff of First Amendment rights as described above; to modify their flag resolution policy in order to eliminate the possibility of future viewpoint discrimination conflicts that would arise and injure other parties and deprive other parties of their First Amendment rights.

3. That this Court order that Defendant pay to Plaintiff $1,000,000.00 (One Million dollars) in actual, punitive, and exemplary damages;

4. That this Court order Defendant to pay all fees, costs, and attorney and legal fees related to the prosecution of this civil rights action; and

5. Any other relief that this Court deems appropriate in the interests of fairness and justice.

I, Plaintiff and Affiant Autumn Rosanne Smith, further say nothing.

All Rights Reserved,

Date: 8/20/2024

Autumn Rosanne Smith
66 Massachusetts Ave
Battle Creek, MI 49014

## Self-Verification

I, Plaintiff and Affiant Autumn Rosanne Smith, do attest and affirm that the averments in the above "Notice of Verified Civil Complaint" are true and correct, under penalty of perjury (28 USC 1746).

All Rights-Reserved,

Date: 8/20/2024

Autumn Rosanne Smith
66 Massachusetts Ave.
Battle Creek, MI 49014